*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*

★ ★ ★ ★ ★ ★ ★ ★

## MEMORANDUM OPINION

No. 04-09-00145-CV

**IN RE PAYCHEX, INC.**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:     Karen Angelini, Justice
             Sandee Bryan Marion, Justice
             Phylis J. Speedlin, Justice

Delivered and Filed:  April 22, 2009

PETITION FOR WRIT OF MANDAMUS DENIED

On March 11, 2009, relator filed a petition for writ of mandamus, complaining of the trial court's failure to grant its motion to compel arbitration. The trial court's order relator complains of provided as follows: "IT IS THEREFORE ORDERED that Defendant's Motion to Abate and to Compel Arbitration is denied, without prejudice, so that Plaintiffs may conduct discovery as to whether the arbitration provision is unconscionable in light of Defendant's business practices and whether Plaintiffs were fraudulently induced into entering into the arbitration provision." The court

---

[1] This proceeding arises out of Cause No. 2008-CI-20077, styled *MG Building Materials, Ltd. and Excellence Mortgage, Ltd. v. Paychex, Inc.*, pending in the 57th Judicial District Court, Bexar County, Texas, the Honorable Antonia Arteaga presiding.  However, the order complained of was signed by the Honorable Michael Peden, presiding judge of the 285th Judicial District Court, Bexar County, Texas.

has considered relator's petition for writ of mandamus and the response of the real parties in interest. We conclude the trial court did not abuse its discretion in denying, without prejudice, the motion to compel arbitration in order to allow real parties to conduct discovery regarding their defenses to the arbitration provision. *See Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 271-72 (Tex. 1992) (holding that the trial court may "decide whether to compel arbitration on the basis of affidavits, pleadings, *discovery*, and stipulations"). Therefore, the court is of the opinion that relator is not entitled to the relief sought.[2] Accordingly, the petition for writ of mandamus is DENIED. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

---

[2] The court's ruling does not prohibit relator from filing a petition for writ of mandamus once the discovery pertaining to the real parties in interests' defenses to the arbitration provision has been completed and the trial court has ruled on the merits of the motion to compel arbitration.